IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRIAN CARROLL,

        **Plaintiffs,**

v.                                                                   No.: _____

KELLY ELECTRICAL SERVICES, LLC,
LEON KELLY, and TINA KELLY,

        **Defendants.**

## COMPLAINT

PLAINTIFF, Brian Carroll, brings this action against the Defendants. He alleges as follows.

## I. PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has personal jurisdiction over the Plaintiff, who is a resident of Nashville, Tennessee and the Defendants, who do business at 5108 Louisiana Boulevard, Nashville, Tennessee 37209.

3. Venue also lies in this Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendants do business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

4. Plaintiff is a former employee of Kelly Electrical Services, LLC, Lean Kelly, and Tina Kelly (hereinafter "Defendants"). During his employment with Defendants, Plaintiff was a covered employee under the FLSA.

5. The Defendant Kelly Electrical Services, LLC is a business engaged in commercial enterprise. It is a covered employer under the FLSA.

6. Defendants Leon Kelly and Tina Kelly are the owners of Kelly Electrical Services, LLC. They maintain operational control over the wage and hour practices of the company, directed the violation of the FLSA that is at issue in this case, and are "employers" under the FLSA, which provides for individual liability in such circumstances.

## II. FACTUAL BASIS FOR SUIT

7. Defendants employed Plaintiff during the two and three year statutes of limitations under the FLSA.

8. Defendants referred to Plaintiff as their "operations manager," even giving Plaintiff business cards with that job title.

9. During Plaintiff's employment, he performed work in excess of forty (40) hours per week on a regular and repeated basis.

10. Plaintiff was paid by the hour. He was not paid on a salary basis.

11. Hourly employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40). 29 C.F.R. § 778.101.

12. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

13. Defendants did not pay Plaintiff one and one-half times his regular rate of pay for hours worked over 40 during a workweek.

14. Instead, Defendants treated Plaintiff as an "independent contractor."

15. Defendants paid Plaintiff by the hour.

16. Defendants did not pay Plaintiff overtime.

17. Defendants gave an IRS 1099 at the end of the year.

18. Defendants did this in an attempt to avoid paying the overtime and payroll taxes that Defendants are required by federal law to pay.

19. Plaintiff was not an independent contractor. Rather, he was an "employee" under the FLSA.

20. Plaintiff's job duties were an integral part of Defendants' business.

21. Defendants exercised control over the terms and conditions of Plaintiff's employment.

22. Defendants instructed Plaintiff when his appointments were, work locations, and tasks to perform.

23. Plaintiff did not handle any of the billing, purchasing, scheduling, or business tasks. He was simply worked at Defendants' instruction.

24. Plaintiff did not have the opportunity to compete with each other in open market competition.

25. Defendants' intentional failure to pay Plaintiff overtime wages was a willful violation of the FLSA.

### IV. CAUSES OF ACTION

26. The forgoing facts are incorporated by reference as if fully stated herein.

27. Plaintiff brings the following cause of action against Defendants: willful failure to pay overtime wages in violation of the Fair Labor Standards Act of 1938.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

28. A declaratory judgment that Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. § 207;

29. A declaratory judgment that Defendants' violations of the FLSA were willful.

30. An award to Plaintiff of damages in the amount of unpaid overtime compensation to be proven at trial.

31. An award of interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

32. An award of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

33. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

**GILBERT RUSSELL McWHERTER SCOTT & BOBBITT PLC**

*s/ Michael L. Russell*
Michael L. Russell (#20268)
Emily S. Emmons (#33281)
341 Cool Springs Boulevard, Suite 230
Franklin, Tennessee 37067
Telephone: 615-354-1144
mrussell@gilbertfirm.com
eemmons@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF*